IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

D'Alcapone A. Morris,

      Petitioner,  :      Case No. 3:25-cv-00388

  - vs -      District Judge Michael J. Newman
      Magistrate Judge Michael R. Merz

WARDEN, Mansfield Correctional
  Institution,

      :

      Respondent.

## DECISION AND ORDER

This habeas corpus action is filed *pro se* by Petitioner D'Alcapone Morris pursuant to 28 U.S.C. § 2254 to obtain relief from his conviction in the Montgomery County Court of Common Pleas on charges of murder, aggravated robbery, aggravated burglary and a firearm specification. Petitioner is serving a term of imprisonment of thirty-five years to life in the custody of the Ohio Department of Rehabilitations and Corrections and is presently confined at Manfield Correctional. Although that prison is in the Northern District of Ohio, venue is proper here because of where the conviction occurred.

Under the Rules Governing § 2254 Cases (the "Habeas Rules"), a habeas petition is to be assigned to a District Judge upon filing and that judge determines whether to issue an order for answer. In this District all habeas corpus cases are referred to one of the District's United States Magistrate Judges pursuant to Amended General Order 22-05 (available on the Court's website).

1

In the present case, a number of irregularities with the initial filing must be cured before the Court can determine whether to order an answer. Under Habeas Rule 2(d), a habeas petition must substantially follow the form appended to these rules." The Petition filed here does not follow that form. In particular, it omits much of the information called for by the form, including prior litigation in the case. The Petitioner is therefore ORDERED to file an amended petition conforming to Rule 2(d) not later than December 1, 2025. The Clerk shall furnish Petitioner with a copy of the standard form along with his copy of this Order.

Secondly, many of the documents in the initial filing are co-signed by Erika Morris, Petitioner's spouse, as "preparer and filer." Ms. Morris is not an attorney at law admitted to practice before this Court; she may not prepare, sign, and file documents over her own signature. She is of course free to assist her spouse in any way he wishes, but until and unless he is represented by an attorney admitted to practice before this Court, he must take reasonability for signing and filing every document. His signature must be made in accordance with Fed.R.Civ.P. 11.

Petitioner has moved the Court to appoint counsel to represent him in this matter. However, Congress has not appropriated sufficient funds to compensate counsel for such representation and the Court cannot compel counsel to serve without a fee. *Mallard v. United States District Court*, 490 U.S. 296, 309 (1989). The Motion to Appoint Counsel (ECF No. 3) is denied.

Petitioner has also moved to expand the record (ECF No. 2). That Motion is denied as premature. When and if the Court orders Respondent to answer, Respondent will also be ordered to file that State Court Record. Only after that has been done will it be appropriate to seek to expand that record. Petitioner is advised, however, that in deciding constitutional claims decided by the state courts, this Court is limited to the record that the state appellate court had before it.

*Cullen v. Pinholster,* 563 U.S. 170 (2011).  *Pinholster* bars a federal court "from admitting new evidence upon which to assess the reasonableness of a state court's constitutional analysis." *Upshaw v. Stephenson*, 97 F. 4th 365, 372 (6th Cir. 2024), quoting *Mitchell v. Genovese*, 974 F.3d 638, 647 (6th Cir. 2020).

November 14, 2025.

s/ *Michael R. Merz*
United States Magistrate Judge
